## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TROY LINN SIBLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-389-G** |
| | ) | |
| **THOMAS EDWARD KANE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Now before the Court is a Motion for Partial Summary Judgment (Doc. No. 30) filed by Defendant Thomas Edward Kane.[1]  Plaintiff Troy Linn Sibley has responded in opposition (Doc. No. 31), and Defendant has replied (Doc. No. 37).  Having reviewed the parties' submissions, the Court makes its determination.

### I.    *Standard of Review*

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim.  The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor.  *Celotex Corp.*

---

[1] Former defendant Tammy Kane also moved for summary judgment as to Plaintiff's request for punitive damages regarding the claims against her.  *See* Def.'s Mot. (Doc. No. 30) at 1.  A stipulation of dismissal has since been filed as to the claims against Ms. Kane. *See* Stip. of Dismissal (Doc. No. 63).

*v. Catrett*, 477 U.S. 317, 322 (1986).  To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury.  *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).  The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Parties may establish the existence or nonexistence of a material disputed fact by:

- citing to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or

- demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A), (B).  While the Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party, *see Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005), "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the [nonmovant]."  *Liberty Lobby*, 477 U.S. at 252.

II.    *Undisputed Material Facts*[2]

The night of March 2, 2020, Plaintiff was traveling north on Interstate 35 ("I-35")

when he sustained a flat tire near Wynnewood, Oklahoma.  *See* Pl.'s Aff. (Doc. No. 31-4)

¶ 2; Traffic Collision Report (Doc. No. 31-3) at 1, 4.  Plaintiff testified at his deposition

that upon noticing the flat tire, he initiated his hazard lights, pulled onto the shoulder, and

called a roadside assistance company.  *See* Pl.'s Dep. 54:3-7, 65:23-25, 66:10-25 (Doc. No.

31-1).[3]

Plaintiff represents that he was on his cellphone trying to confirm the arrival time

of roadside assistance when Defendant's vehicle struck Plaintiff's vehicle.  *See id*. at 68:6-

10.    Plaintiff attested that based on how "rapidly" Defendant's vehicle "filled up"

Plaintiff's rearview mirror, Plaintiff believes that Defendant was "driving over the speed

limit."  Pl.'s Aff. ¶ 7.[4]  Plaintiff does not state exactly how far over the speed limit he

believes that Defendant was traveling prior to the collision, however.

Trooper Dackry Howard of the Oklahoma Highway Patrol investigated the

collision.  Trooper Howard's Report indicates that at the time of the collision, Plaintiff's

---

[2] Facts relied upon are uncontroverted or, where genuinely disputed, identified as such and viewed in the light most favorable to Plaintiff as the nonmoving party.

[3] Plaintiff further testified that after he pulled onto the shoulder, he deployed an orange reflective warning triangle about 25-30 paces behind his vehicle and a few inches inside the fog line. *See* Pl.'s Dep. 61:16-23.  Defendant disputes that Plaintiff deployed the orange reflective triangle, arguing that the triangle does not appear in the Oklahoma Highway Patrol dashcam footage.  Def.'s Reply (Doc.  No. 37) at 2-3 (citing Dashcam Footage (Doc. No. 31-10) (conventionally filed)).   In deciding this Motion, the Court assumes that no warning triangle was deployed.

[4] Defendant objects that Plaintiff is not an accident reconstructionist, and so Plaintiff's opinion about Defendant's speed prior to the collision is not admissible.  *See* Def.'s Reply

vehicle was parked on the 10-foot improved shoulder of I-35[5] with its hazard lights flashing.  *See* Traffic Collision Report at 4; *see also* Dashcam Footage at 15:30-16:00, 18:00-19:00.   The Report and dashcam footage further reflect that Trooper Howard concluded that Defendant's vehicle crossed the fog line and "sideswiped" Plaintiff's vehicle, causing Plaintiff's vehicle to move forward and come to rest 12 feet north of the point of impact.  *See* Traffic Collision Report at 3-4; Dashcam Footage at 15:00-21:00. Trooper Howard's conclusion is consistent with the photographs provided of the parties' vehicles, which reflect damage to the sides of the vehicles.  *See* Pl.'s Resp. Ex. 5 (Doc. No. 31-5); *id*. Ex. 6 (Doc. No. 31-6).  Defendant was cited for improper use of lane following the collision.  *See* Traffic Collision Report at 3.

At the scene, Defendant told Trooper Howard that he did not see Plaintiff's vehicle or see hazard lights flashing.  *See* Dashcam Footage at 5:35 to 6:30.  But other than the dispute regarding whether Plaintiff's hazard lights were flashing prior to the collision, neither party has provided or cited to Rule 56 materials supporting any version of events

---

at 3.  Defendant's objection is overruled for purposes of determining whether summary judgment should issue.  Plaintiff's opinions and observations regarding Defendant's speed are rationally based on Plaintiff's perception, helpful in determining a fact in issue, and not based on scientific, technical, or specialized knowledge, and therefore are admissible under Federal Rule of Evidence 701.  *See* Fed. R. Evid. 701.

[5] Defendant objects to Trooper Howard's conclusions regarding the collision, arguing that his opinions and observations regarding the collision are inadmissible because Trooper Howard "may not be certified in accident reconstruction."  Def.'s Reply at 4.  Defendant's objection is overruled for purposes of determining whether summary judgment should issue.  Defendant has not established, by rule, caselaw, or facts, that any opinions and observations of Trooper Howard are inadmissible at trial.

other than that described by the trooper in the Traffic Collision Report and dashcam footage.[6]

Defendant states in his affidavit that he was not under the influence of drugs or alcohol and that he was not using his cellphone or otherwise distracted at the time of the collision. *See* Def.'s Aff. (Doc. No. 30-3) ¶¶ 4-5. Plaintiff has not cited any evidence refuting Defendant's assertions regarding his lack of intoxication or cellphone use. Plaintiff argues that the circumstances surrounding the collision suggest that Defendant was at least distracted, *see* Pl.'s Resp. at 2-3, but offers no evidence supporting this assertion.

## III. Discussion

As relevant to the instant Motion, Plaintiff alleges that Defendant "was careless and negligent in the operation of his vehicle," and, as a result, caused Plaintiff significant injury. Pet. (Doc. No. 1-3) ¶ 7. Plaintiff seeks punitive damages in relation to his negligence claim against Defendant. *See id.* at 4. Defendant argues that the summary-judgment record does not support such an award. *See* Def.'s Mot. at 3-6. Plaintiff objects

---

[6] Plaintiff offers as factual support: "Based on the angles and intensity of the headlights on the Kane vehicle, Sibley believes Kane was driving on the shoulder of the road until slightly before impact." Pl.'s Resp. at 4. Plaintiff also states: "Sibley believes that Mr. Kane must have fallen asleep, drove onto the shoulder of the road and then woke up too late to avoid colliding with his disabled vehicle." *Id.* at 5. While Plaintiff cites to his affidavit in support of these statements, the affidavit does not include any statements regarding Plaintiff's beliefs as to these contentions. *See* Pl.'s Aff. Further, Plaintiff has not cited to any evidence in the summary-judgment record otherwise reflecting a genuine dispute of material fact as to whether Defendant was driving on the shoulder or had fallen asleep while driving prior to the collision. Factual statements contained in briefing attributable to counsel do not constitute summary-judgment evidence. *See Mosier v. Maynard*, 937 F.2d 1521, 1525 (10th Cir. 1991).

that it is not appropriate for the Court to determine whether Defendant is entitled to judgment as a matter of law as to punitive damages at the summary-judgment stage. *See* Pl.'s Resp. at 9-10.

The Oklahoma punitive damages statute does not preclude a trial court from determining whether evidence exists that warrants the issue of punitive damages proceeding to trial. Indeed, this Court regularly addresses the issue of punitive damages at summary judgment. *Newsome v. Tull*, No. CIV-18-791-HE, 2019 WL 5197567, at *2 (W.D. Okla. July 22, 2019); *see, e.g.*, *McGinley v. Am. Dump Trucks, Inc.*, No. CIV-20-408-G, 2021 WL 4517687, at *4 (W.D. Okla. Sept. 30, 2021). Accordingly, the Court proceeds to consider whether Defendant has sufficiently shown that there is no triable issue of fact as to Plaintiff's claim for punitive damages.

Under Oklahoma law, punitive damages may be awarded if the plaintiff proves by clear and convincing evidence that "[t]he defendant has been guilty of reckless disregard for the rights of others" or that "[t]he defendant has acted intentionally and with malice towards others." *See* Okla. Stat. tit. 23, § 9.1(B)-(D). Reckless disregard is established by showing that the defendant "was either aware, or did not care, that there was a substantial and unnecessary risk that [his] conduct would cause serious injury to others." *Gowens v. Barstow*, 364 P.3d 644, 652 (Okla. 2015) (internal quotation marks omitted). "'Reckless disregard' is not to be confused with inadvertent conduct," however. *Thiry v. Armstrong World Indus.*, 661 P.2d 515, 518 (Okla. 1983).

Gross negligence is sufficient to support punitive damages. *See Myers v. Bhullar*, 609 F. Supp. 3d 1232, 1239 (W.D. Okla. 2022). Under Oklahoma law, "[g]ross negligence

is characterized as reckless indifference to the consequences." *Myers v. Lashley*, 44 P.3d 553, 563 (Okla. 2002). "[T]he mere happening of an accident as a result of inadvertence on the part of the responsible party is insufficient to constitute gross negligence," however. *Hinds v. Warren Transp., Inc.*, 882 P.2d 1099, 1102 (Okla. Civ. App. 1994); *accord Myers*, 609 F. Supp. 3d at 1239 ("[I]n vehicular cases, gross negligence sufficient to support punitive damages requires more than simple negligence or an accident resulting from a driver's inadvertence.").

Whether a defendant's conduct was sufficiently reckless to permit punishment by an award of punitive damages is generally a jury question. *See State ex rel. Pollution Control Coordinating Bd. v. Kerr-McGee Corp.*, 619 P.2d 858, 865-66 (Okla. 1980); *Myers*, 609 F. Supp. 3d at 1238. But "[o]nly where there is evidence in the record supporting an inference of gross negligence or reckless disregard and/or indifference for the safety of others must the issue of punitive damages be submitted to the jury." *Hinds*, 882 P.2d at 1102.

Defendant argues that "there is nothing in the record which could conceivably give rise to the required inference of 'malice and evil intent' or 'reckless disregard' necessary to support a claim for punitive damages in this action." Def.'s Mot. at 6. Plaintiff responds that "[t]his is not a case of simple negligence but is one of recklessness and/or reckless disregard for the rights and safety of others." Pl.'s Resp. at 11.

As an initial matter, the Court observes that while Plaintiff requests punitive damages in the last sentence of the Petition, the operative pleading in this case, Plaintiff does not allege that Defendant acted maliciously, willfully, wantonly, recklessly, or with

gross negligence.  Plaintiff alleges only that Defendant "was careless and negligent in the operation of his vehicle."  Pet. ¶ 8.  Simple carelessness, negligence, or inadvertence is not sufficient to support an award of punitive damages.  *See Hinds*, 882 P.2d at 1102.  Other district courts in this circuit have granted judgment in similar circumstances.  *See, e.g.*, *Rabicoff v. Hy-Vee, Inc.*, No. 16-2565, 2017 WL 6557440, at *2 (D. Kan. Dec. 22, 2017) (granting summary judgment on the issue of punitive damages where the plaintiff did not plead the requisite conduct for such an award and the summary-judgment record did not support submission of the issue to the jury); *Trotter ex rel. Trotter v. K Mart Corp.*, No. CIV. A. 93-2106, 1994 WL 123614, at *1 (D. Kan. Mar. 3, 1994) (granting summary judgment where the plaintiff did not plead in the pretrial order the requisite conduct to support an award of punitive damages).

Notwithstanding pleading deficiencies, the summary-judgment record does not contain facts from which a reasonable jury could conclude that Defendant's actions were malicious, reckless, willful, wanton, or grossly negligent.  The evidence reflects that Plaintiff was lawfully parked on the shoulder of the interstate with his hazard lights flashing when Defendant, who was not intoxicated or using his cellphone, crossed the fog line and sideswiped Plaintiff's vehicle.  *See* Traffic Collision Report at 3-4; Dashcam Footage at 15:00-21:00; Pl.'s Aff. ¶ 2; Def.'s Aff. ¶¶ 4-5.  Plaintiff believes and asserts that Defendant was "driving over the speed limit."  Pl.'s Aff. ¶ 7.  But Plaintiff has provided no evidence

through his affidavit or otherwise indicating that Defendant was driving recklessly prior to the collision.

Viewing these facts in the light most favorable to Plaintiff, and even assuming that Defendant was traveling above the speed limit at the time of the collision, there is "insufficient evidence from which to infer malice, evil intent, reckless disregard of or complete indifference to the safety of others, or gross negligence on the part of [Defendant]." *Hinds*, 882 P.2d at 1102 (holding that the trial court erred in submitting the issue of punitive damages to the jury where the evidence supported only "a tragic accident and inadvertence"). The undisputed material facts here "carry all the hallmarks of an ordinary vehicle collision and provide no evidence of reckless disregard for the rights of others sufficient to support punitive damages." *Myers*, 609 F. Supp. 3d at 1239; *cf. McGinley*, 2021 WL 4517687, at *4 (finding that summary judgment on the issue of punitive damages was not warranted where it was genuinely disputed whether a semi-truck driver had merged into a lane without looking or had failed to correct his position after colliding with the plaintiff's vehicle because a reasonable factfinder could conclude that the driver's conduct "created a substantial and unnecessary risk of serious injury to smaller vehicles and their occupants and that [the driver] was aware of or did not care about this risk"). For these reasons, the Court finds that summary judgment on the issue of punitive damages is required under Federal Rule of Civil Procedure 56(a).

CONCLUSION

Accordingly, Defendant Thomas Edward Kane's Motion for Partial Summary Judgment (Doc. No. 30) is GRANTED.  The Court grants summary judgment to Defendant on Plaintiff Troy Linn Sibley's claim for punitive damages.

IT IS SO ORDERED this 4th day of March, 2024.

CHARLES B. GOODWIN
United States District Judge