UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TROY LINN SIBLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-389-G |
| | ) |
| **THOMAS EDWARD KANE,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Troy Linn Sibley's Motion to Strike Defendant's Expert Witnesses (Doc. No. 43). Defendant Thomas Edward Kane has responded in opposition (Doc. No. 44). Plaintiff did not file a reply.

*I.   Standard of Review*

In his Motion, Plaintiff argues that Defendant should be precluded from presenting Brian Fowler, an accident reconstructionist, and Dr. J. Calvin Johnson, a medical doctor, as expert witnesses at trial due to Defendant's failure to comply with Federal Rule of Civil Procedure 26(a)(2). *See* Pl.'s Mot. (Doc. No. 43) at 2-5.[1]  Plaintiff represents that

---

[1] This Rule prescribes in relevant part:

(2) *Disclosure of Expert Testimony.*

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained . . . to provide expert testimony in the case . . . .

. . . .

Defendant failed to produce expert reports for these individuals within the time prescribed by Rule 26(a)(2)(D).  *See id.*

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

> The determination of whether a Rule 26(a) or (e) violation is justified or harmless is entrusted to the broad discretion of the district court.  However, the Rule 37(c)(1) inquiry depends upon several factors that a district court should consider in exercising its discretion.  These factors include: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017) (alterations, emphasis, citations, and internal quotation marks omitted).

---

(D) *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2).

II.  *Discussion*

   A.  *Mr. Brian Fowler*

In his Response, Defendant represents that he no longer intends to call Brian Fowler as an expert witness. *See* Def.'s Resp. (Doc. No. 44) at 3-4. Defendant does not identify Mr. Fowler as an anticipated witness in the Final Pretrial Report, *see* FPR (Doc. No. 62) at 17-18, and Plaintiff has not disputed Defendant's representations regarding Mr. Fowler. Accordingly, the Court finds that Plaintiff's Motion is moot as it relates to Mr. Fowler.

   B.  *Dr. J. Calvin Johnson*

Defendant does intend to call Dr. J. Calvin Johnson as an expert witness at trial, however. *See* Def.'s Resp. at 3; FPR at 18. Plaintiff argues that the Court should strike Dr. Johnson as an expert witness for failure to timely provide an expert report. *See* Pl.'s Mot. at 3-5.

The parties' briefing indicates that Plaintiff provided expert reports for his medical experts Dr. Robert Tibbs and Dr. Gregory Holt on May 19, 2023, and August 21, 2023, respectively. *See* Pl.'s Mot. at 2; Def.'s Resp. at 2.[2] Defendant originally disclosed Dr. Johnson as an expert witness on June 20, 2023. *See* Def.'s Witness & Ex. List (Doc. No. 26) at 2. The Court then, upon the parties' joint motion, entered a Second Amended Scheduling Order (Doc. No. 29), resulting in a new deadline for Defendant to serve and file his expert witness lists and materials. *See id.* at 1 (requiring Defendant to serve and

---

[2] Defendant states that the expert report he received for Dr. Tibbs on May 19, 2023, was not "finalized" and that Plaintiff had not provided a finalized report for Dr. Tibbs as of the date of Defendant's Response. *See* Def.'s Resp. at 2.

file all expert disclosures and serve expert reports within 21 days after Plaintiff's deadline of August 21, 2023).

On September 10, 2023, Defendant disclosed Dr. Johnson as an expected retained expert and provided the following summary of Dr. Johnson's anticipated testimony:

> Dr. Johnson, if retained after receiving reports from Plaintiff's experts, is expected to testify that Plaintiff's complained of injuries are in part, if not exclusively, unrelated to the subject accident.
>
> Note: Report not available since Mr. Sibley is still under active medical care and recovering from a recent surgery to his right knee.

Def.'s Expert Disclosures (Doc. No. 39) at 1-2.

Plaintiff argued in the motion that allowing Dr. Johnson to testify despite Defendant's failure to provide Dr. Johnson's expert report by the September 11, 2023 deadline risks surprise and prejudice to Plaintiff. *See* Pl.'s Mot. at 3-4. Defendant responded that for Dr. Johnson, a rebuttal witness, to write his expert report, he must first conduct an independent medical examination of Plaintiff, which Defendant scheduled to take place on November 13, 2023. *See* Def.'s Resp. at 4.

In response to inquiry from the Court on the subject at the March 5, 2024 docket call, Defendant represented that he provided Dr. Johnson's expert report to Plaintiff on December 20, 2023. For purposes of this motion, the Court finds that there has been no showing of bad faith or willful disregard for the Court's deadlines and that Defendant has cured any prejudice to Plaintiff caused by the late disclosure of Dr. Johnson's expert report. *See HCG Platinum*, 873 F.3d at 1200. Since disclosure of Dr. Johnson's expert report, Plaintiff has had over two months to prepare for Dr. Johnson's trial testimony due to an

additional continuance of the trial setting.  *See* Third Am. Sched. Order (Doc. No. 51). Accordingly, the Court denies Plaintiff's Motion.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion to Strike (Doc. No. 43) is DENIED.

IT IS SO ORDERED this 5th day of March, 2024.

_____
CHARLES B. GOODWIN
United States District Judge