## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

TROY LINN SIBLEY,      )
      )
    **Plaintiff,**      )
      )
v.      )    **Case No. CIV-22-389-G**
      )
THOMAS EDWARD KANE et al.      )
      )
    **Defendants.**      )

### <u>ORDER</u>

Now before the Court is Defendant Thomas Edward Kane's Motions in Limine No. 1-12 (Doc. No. 58), filed in omnibus form. Plaintiff Troy Linn Sibley has responded in opposition (Doc. No. 70).

This case arises from a motor vehicle collision that occurred on March 2, 2020. *See* Pet. (Doc. No. 1-3) ¶¶ 4-8. Plaintiff claims that Defendant was careless and negligent in the operation of his vehicle and, as a result, caused Plaintiff significant injury for which he seeks damages. *See id.* ¶ 8. On March 4, 2024, the Court granted Defendant's Motion for Partial Summary Judgment, finding that Defendant was entitled to judgment as a matter of law on Plaintiff's request for punitive damages in relation to the negligence claim against Defendant. *See* Order of March 4, 2024 (Doc. No. 73) at 5-10. Trial in this matter is set on the Court's March 2024 jury-trial docket.

### I.    *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). It "is a request for

guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). A court's in limine rulings are preliminary and "subject to change as the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

II.     Discussion

Defendant requests that Plaintiff be prohibited from referencing various items of evidence and making certain arguments. *See* Def.'s Mot. (Doc. No. 58) at 2-15. The Court addresses each request in turn.

1)     *"Golden Rule" Testimony by Witnesses or Comments by Counsel*

Defendant requests that the Court preclude Plaintiff from making "Golden Rule" comments and arguments, which ask the juror to put themselves in the shoes of a party. *See* Def.'s Mot. at 2. Plaintiff concedes that "Golden Rule" arguments are improper in the context of arguments regarding damages but contends that such arguments are acceptable as to the issue of ultimate liability. *See* Pl.'s Resp. (Doc. No. 70) at 1-2.

Authority supports that "Golden Rule" arguments may be appropriate "in cases where the reasonableness of conduct, in light of information known at the time, is at issue." *Smith v. Csaa Fire & Cas. Ins. Co.*, No. CIV-17-1302-D, 2020 WL 4340546, at *2 (W.D. Okla. July 28, 2020). In this case, however, Defendant has indicated that he admits liability for causing the accident, *see* Amened FPR (Doc. No. 79) at 4, and the Court has denied Plaintiff's request for punitive damages. *See* Order of March 4, 2024. Therefore, it is not

apparent that the reasonableness of Defendant's conduct will be an issue to be decided by the jury at trial.

Accordingly, consistent with the Court's determination as to Plaintiff's motion in limine regarding "Golden Rule" arguments, the Court preliminarily DENIES this motion without prejudice to Defendant re-urging his objection at trial if appropriate. *See Smith*, 2020 WL 4340546, at *2 ("The Court reserves ruling on [the defendant's motion in limine regarding the golden rule argument] in advance of trial, opting instead to consider it in context if the issue is raised during trial."); *Sandhar v. CSAA Fire & Cas. Ins. Co.*, No. 19-CV-00306-JFH-CDL, 2023 WL 2646307, at *2 (N.D. Okla. Mar. 27, 2023) (denying the defendant's motion in limine regarding the golden rule argument without prejudice to the extent it concerned "arguments pertaining to whether a party's conduct was reasonable in view of the facts known to the party" and noting that the court would "be better equipped to determine whether such arguments are permissible invitations to consider the reasonableness of a party's conduct, as opposed to impermissible appeals to emotion, in the context of trial").

2) *Medical Testimony by Plaintiff and his Fact Witnesses*

Defendant requests a ruling prohibiting Plaintiff, his fact witnesses, and Plaintiff's counsel, from offering testimony or argument regarding the following: "(1) medical diagnoses, (2) causation of same, (3) reasonableness and/or necessity of treatment modalities/bills, (4) permanent impairment, if any, and (5) future prognosis." Def.'s Mot. at 3. Defendant clarifies that this motion "in no way seeks to prevent or prohibit Plaintiff

from testifying on any objective factual observation (e.g., nature and degree of pain he physically and emotionally suffered after the accident)." *Id.*

Plaintiff responds that Mr. Sibley may testify as to any "feelings, subjective complaints, limitations in activity, mental and emotional pain and suffering he has experienced[,] and any other effects from the injuries and surgeries," but he agrees that it is improper for a lay witness to testify to diagnosis, causation, necessary treatment, or permanent impairment regarding Plaintiff's injuries. Pl.'s Resp. at 2-4. Accordingly, Defendant's request is GRANTED to the following extent: Plaintiff and other non-expert, fact witnesses may testify as to Plaintiff's injuries and treatment only to the extent allowable under Federal Rule of Evidence 701.

    3) *Reference to Punitive Damages or to Defendant's Financial Condition at the Liability Phase of Trial*

Defendant seeks a ruling precluding Plaintiff from presenting evidence of Defendant's financial condition during the liability phase of the trial and precluding reference to punitive damages. *See* Def.'s Mot. at 4-6. The Court has previously granted summary judgment in Defendant's favor on the issue of punitive damages, however. *See* Order of March 4, 2024. Considering the Court's Order on the subject, the Court expects that Plaintiff will not refer to punitive damages or Defendant's financial condition at trial. This request is therefore DENIED AS MOOT. Defendant may, of course, re-urge his objection if Plaintiff attempts to make such references at trial.

    4) *Reference to Liability Insurance Maintained by Defendant*

Defendant argues "that any mention of liability insurance policies would be prejudicial, and the same should be wholly excluded in advance of trial." Def.'s Mot. at 7;

Fed. R. Evid. 411.  Plaintiff responds that Defendant's liability policy is relevant to who was in control of Defendant's vehicle at the time of the collision.  *See* Pl.'s Resp. at 7-10; Fed. R. Evid. 411.

In the absence of a reply from Defendant addressing Plaintiff's argument regarding admission of the liability policy to show control, this request is GRANTED to the following extent: Plaintiff may not present evidence of Defendant's liability policy "to prove whether [Defendant] acted negligently or otherwise wrongfully."  Fed. R. Evid. 411.  If Plaintiff intends to introduce evidence or testimony relating to the liability policy for another purpose, counsel must notify the Court and opposing counsel by sidebar conference prior to doing so.  At that time, Defendant may reurge any objection to such evidence or testimony.

    5) *Attempts to Introduce Argument During Voir Dire*

Defendant requests that the Court issue a ruling precluding any attempt to inject argument during the voir dire process at trial.  *See* Def.'s Mot. at 7-8.  Plaintiff requests that this motion be denied or that the Court reserve its decision until the argument or question is before the Court.  *See* Pl.'s Resp. at 10.

This request is DENIED.  The Court conducts voir dire of the jury itself and does not allow counsel to directly question the jury during the voir dire process.  The Court does,

however, allow counsel to suggest questions for voir dire both before and during the voir dire process.

   6)  *Hearsay Statements by Plaintiff's Medical Providers*

Defendant seeks a ruling precluding admission of statements made by Plaintiff's medical providers, arguing that such comments are inadmissible hearsay statements.  *See* Def.'s Mot. at 9-10; Fed. R. Evid. 803(4).  Defendant does not, however, identify any specific statements by medical providers anticipated to be offered by Plaintiff as evidence. Plaintiff responds that because some statements by medical providers may fit within a hearsay exception, the Court should decide the admissibility of such statements during the course of trial.  *See* Pl.'s Resp. at 11.

Defendant's request is preliminarily DENIED.  This ruling is without prejudice to Defendant re-urging his hearsay objection as appropriate if Plaintiff attempts to introduce such a statement at trial.

   7)  *Evidence or Argument Regarding "Sending a Message"*

Defendant requests a ruling prohibiting Plaintiff from urging the jury to send a message with its verdict, arguing that allowing Plaintiff to make such an argument carries the substantial risk that the jury will include a punitive element in their compensatory damage award.  *See* Def.'s Mot. at 9-10.

The Court previously granted summary judgment in Defendant's favor on the issue of punitive damages.  *See* Order of March 4, 2024.  Further, the Court agrees that any argument urging the jury to "send a message" with their verdict is inappropriate.  *See Moody v. Ford Motor Co.*, 506 F. Supp. 2d 823, 847 (N.D. Okla. 2007) (ordering a new

trial where the plaintiff's counsel violated the court's in limine ruling by making references to accountability and "sending a message," leading the court  "to the conclusion that the jury's award of noneconomic damages was partially punitive in nature."); *Murphy v. Toyota Motor Corp.*, No. CIV-19-1192-J, 2022 WL 18776149, at *3 (W.D. Okla. Dec. 14, 2022) (granting the defendants' motion to preclude the plaintiff from asking the jury to "send a message" or to act as "the conscience of the community").  Accordingly, this request is GRANTED.

> 8) *Reference to Community Safety Rule, Needless Endangerment, the Conscience of the Community, or any other "Reptile Theory" Phrase*

Defendant requests a ruling prohibiting Plaintiff from making any "reptile theory" arguments or presenting any testimony aimed at manipulating the jury to decide the case based on emotion or a sense of danger rather than the facts and applicable law.  *See* Def.'s Mot. at 10-11.  Specifically, Defendant seeks to preclude evidence or argument suggesting that a community standard of care or a community safety rule applies as opposed to the standard of care owed under Oklahoma law (as well as evidence or argument suggesting that Defendant owed Plaintiff the duty to protect him from needless endangerment).  *See id.* at 11.  Plaintiff argues that this motion in limine seeks to unfairly restrict Plaintiff's trial strategy.  *See* Pl.'s Resp. at 13-17.

As previously discussed, Defendant has indicated that he admits liability for causing the accident, *see* Amended FPR at 4, and the Court has denied Plaintiff's request for punitive damages.  *See* Order of March 4, 2024.  Thus, it is not apparent that the reasonableness of Defendant's conduct in relation to the applicable standard of care will

be an issue to be decided by the jury at trial.  Further, it is unclear from Defendant's Motion exactly what argument and evidence Defendant seeks to preclude.

The Court therefore preliminarily DENIES Defendant's request.  This ruling is without prejudice to Defendant re-urging his objection at trial if questioning or argument by Plaintiff's counsel strays into impermissible appeals to emotion over reason.  *See Rodriguez v. Walmart Stores E., LP*, No. CIV-21-00749-JD, 2023 WL 4046837, at *6 (W.D. Okla. June 16, 2023).  Plaintiff is cautioned that any argument asking the jurors to reach a verdict based solely on fear for the safety of themselves or others, or any other emotional response, will be prohibited and that Plaintiff's arguments should be focused on the applicable law and evidence admitted at trial.  *See Cox v. Swift Transportation Co. of Arizona & LLC*, No. 18-CV-0117-CVE-JFJ, 2019 WL 3719887, at *10 (N.D. Okla. Aug. 7, 2019).

9)  *Evidence of Settlement Offers and Settlement Negotiations*

Defendant requests that the Court issue a ruling prohibiting all parties, their counsel, and their witnesses from mentioning the fact that Defendant made a settlement offer prior to trial or the amount of that offer, as evidence of such offers and negotiations are generally inadmissible under Federal Rule of Evidence 408.  *See* Def.'s Mot. at 12; Fed. R. Evid. 408(a).  Plaintiff states that he has no intention of offering evidence of the settlement negotiations at trial but wishes to reserve his right to offer evidence of settlement offers

and negotiations for the reasons permitted under Federal Rule of Evidence 408(b).  *See* Pl.'s Resp. at 17-18.

Based on the parties' representations, the instant motion in limine is preliminarily GRANTED.  If Plaintiff seeks to introduce evidence or testimony relating to settlement offers or negotiations for a reason permitted under Federal Rule of Evidence 408(b), Plaintiff's counsel shall advise the Court and opposing counsel by sidebar conference prior to doing so.  At that time, Defendant may reurge his objection to any such evidence or testimony.

### 10)  *References to Defendant's Moral or Ethical Obligations*

Defendant asks that any reference to Defendant's purported ethical or moral obligations be excluded from mention at trial.  *See* Def.'s Mot. at 12-13.  The Court finds that the instant motion lacks specificity as to what evidence or argument it seeks to preclude.  Accordingly, this request is preliminarily DENIED.  This ruling is without prejudice to Defendant re-urging his objection at trial as appropriate.

### 11)  *Reference to Lost Wages, Lost Earnings, or Loss of Earning Capacity*

Defendant requests that any reference to Plaintiff's lost wages, lost earnings, or loss of earning capacity as a result of the collision be excluded, arguing that, to date, "Plaintiff has failed to identify any amount or computation of purported lost wages or loss of earning capacity that he may claim to have sustained as a result of the incident."  Def.'s Mot. at 14-15.  Further, Defendant argues that Plaintiff should be prohibited from offering testimony

regarding any loss of future earning capacity because the amount of any such loss would require expert testimony.  *See id.* at 14.

Plaintiff represents that he has produced his social security earning statements to Defendant and intends to introduce them at trial for the jury to use to calculate Plaintiff's lost wages and loss of future earning capacity.  *See* Pl.'s Mot. at 20-22.  Plaintiff also argues that expert testimony regarding lost earning potential is not required.  *See id.*

"The rule in Oklahoma is that, unless there is 'no competent evidence reasonably tending to show that plaintiff's future earning capacity would be impaired,' this item of alleged damages is properly submitted to the jury for consideration." *Ortiz v. Cooper Tire & Rubber Co.*, No. CIV-13-32-D, 2015 WL 1498713, at *6 (W.D. Okla. Mar. 31, 2015) (quoting *St. Louis–San Francisco Ry. Co. v. McBride*, 376 P.2d 214, 219 (Okla. 1961)).  In straightforward cases, expert testimony on the issue of loss of earning capacity may be helpful but is not necessary.  *See Bynum v. Cavalry Portfolio Servs., L.L.C.*, No. 04-CV-0515-CVE-PJC, 2006 WL 1047035, at *5 (N.D. Okla. Apr. 13, 2006).  But "[w]here the injury is obscure . . . a loss of future earning capacity must be established by expert medical testimony in order to avoid pure speculation on the part of the jury." *Parra v. Atchison, Topeka & Santa Fe Ry. Co.*, 787 F.2d 507, 509 (10th Cir. 1986).

Defendant's motion in limine is preliminarily DENIED.  The Court will allow Plaintiff to present evidence of lost wages, lost earnings, and lost earning capacity consistent with Plaintiff's description of his disclosures and proposed exhibits and

testimony.  Defendant may reurge his objection at trial and, further, raise at the appropriate times whether this item of loss should be submitted to the jury for determination.

12)  *Reference to the Motions in Limine*

Defendant requests a ruling instructing Plaintiff's counsel to not suggest to the jury by argument or otherwise that Defendant has sought to exclude certain evidence and argument through motions in limine.  *See* Def.'s Mot. at 15.  Plaintiff does not oppose this motion.  *See* Pl.'s Resp. at 22.  Accordingly, the instant motion in limine is GRANTED. Neither party shall make reference to the fact that either party sought to exclude certain evidence or argument through a motion in limine and whether that motion was granted or denied.

## CONCLUSION

As outlined above, Defendant's Motions in Limine No. 1-12 (Doc. No. 58) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 11th day of March, 2024.

CHARLES B. GOODWIN
United States District Judge