## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY LINN SIBLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-389-G |
| | ) |
| THOMAS EDWARD KANE et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court are Plaintiff Troy Linn Sibley's Motions in Limine No. 1-25 (Doc. No. 55), filed in omnibus form.  Defendant Thomas Kane has responded in opposition (Doc. No. 69).

This case arises from a motor vehicle collision that occurred on March 2, 2020.  *See* Pet. (Doc. No. 1-3) ¶¶ 4-8.  Plaintiff claims that Defendant was careless and negligent in the operation of his vehicle and, as a result, caused Plaintiff significant injury for which he seeks damages.  *See id.* ¶ 8.  On March 4, 2024, the Court granted Defendant's Motion for Partial Summary Judgment, finding that Defendant was entitled to judgment as a matter of law on Plaintiff's request for punitive damages in relation to the negligence claim against Defendant.  *See* Order of March 4, 2024 (Doc. No. 73) at 5-10.  Trial in this matter is set on the Court's March 2024 jury-trial docket.

### I.    Applicable Law

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial."  *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted).  It "is a request for

guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). A court's in limine rulings are preliminary and "subject to change as the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

## II.    Discussion

Plaintiff requests that Defendant be prohibited from referencing various items of evidence and making certain arguments. *See* Pl.'s Mot. (Doc. No. 55) at 2-24. The Court addresses each of Plaintiff's requests in turn.

### 1)   *Reference to Plaintiff's Past Medical Expenses and Their Correlation with Pain and Suffering Damages*

Plaintiff requests the Court "preclude any mention of his past medical expenses and arguments equating these to pain and suffering damages," arguing that such references are irrelevant. Pl.'s Mot. at 2 (internal quotation marks omitted); Fed. R. Evid. 401. Defendant does not oppose the motion except to state that the Court's ruling should apply equally to both parties. *See* Def.'s Resp. (Doc. No. 69) at 1. Accordingly, Plaintiff's request is GRANTED, and this ruling shall apply equally to both parties.

### 2)   *Suggestions or Inferences that Plaintiff was Non-Compliant with Medical Care*

Plaintiff requests that the Court preclude suggestions that he did not comply with directed medical care, arguing that "[t]here is no evidence Mr. Sibley was non-compliant with any of his medical care or treatment relating to the injuries at issue." Pl.'s Mot. at 2-3. Accordingly, Plaintiff argues that any such references are irrelevant and prejudicial. *See id.*; Fed. R. Evid. 401; *id.* R. 403. Defendant argues that any evidence or lack of

evidence regarding Plaintiff's non-compliance with medical care is not yet before the Court, and so this motion in limine is premature and should be denied on that basis. *See* Def.'s Resp. at 1.

The Court agrees with Defendant. This request is preliminarily DENIED. Plaintiff may re-urge his objection regarding suggestions of non-compliance with medical care if appropriate at trial.

### 3) *"Lawsuit Crisis" References in Arguments and Testimonies*

Plaintiff asks the Court to prohibit Defendant from making any reference to a "lawsuit crisis" because such a reference is irrelevant and prejudicial to Plaintiff. *See* Pl.'s Mot. at 3; Fed. R. Evid. 401; *id.* R. 403. Defendant does not oppose the motion except to state that the Court's ruling should apply equally to both parties. *See* Def.'s Resp. at 1. Accordingly, Plaintiff's request is GRANTED, and this ruling shall apply equally to both parties.

### 4) *Derogatory and Gambling-Related Arguments*

Plaintiff requests that the Court "bar any insinuations or claims that liken Plaintiff's legal approach to gambling." *See* Pl.'s Mot. at 3. Defendant does not oppose the motion except to state that the Court's ruling should apply equally to both parties. *See* Def.'s Resp. at 1. Accordingly, Plaintiff's request is GRANTED, and this ruling shall apply equally to both parties.

### 5) *Implications of Ulterior Motives Beyond Legal Redress*

Plaintiff requests that the Court prohibit "any implications or suggestions by the defense that the Plaintiff or his counsel are motivated by factors beyond the pursuit of

legally sanctioned recovery."  Pl.'s Mot. at 3-4.  Defendant does not oppose the motion.
*See* Def.'s Resp. at 1.  Accordingly, Plaintiff's request is GRANTED.

> 6) *References to Plaintiff Counsel's Past Professional Relationships with Expert Witnesses*

Plaintiff requests that the Court "exclude any discussion of the past professional relationship between Plaintiff's counsel and expert witnesses, including past collaborations, frequency of employment, and compensation details."  Pl.'s Mot. at 4. Defendant does not oppose the motion, "other than to state and emphasize that it must be applied to both parties."  Def.'s Resp. at 2.  Accordingly, Plaintiff's request is GRANTED, and this ruling shall apply equally to both parties.

> 7) *Reference to Plaintiff's Settlement with The Hertz Corporation*

Plaintiff requests that the Court exclude reference to Plaintiff's settlement with The Hertz Corporation ("Hertz") pursuant to Federal Rule of Evidence 408.  *See* Pl.'s Mot. at 5; Fed. R. Evid. 408.  Defendant agrees that reference to Plaintiff's settlement with Hertz is not admissible at trial.  *See* Def.'s Resp. at 2. Accordingly, this request is GRANTED.

> 8) *Mention of When Plaintiff's Attorneys Were Retained*

Plaintiffs request that the Court preclude any mention of when Plaintiff's attorneys were retained as this fact is irrelevant and prejudicial.  *See* Pl.'s Mot. at 5.  Defendant does not oppose the motion except to state that the Court's ruling should apply equally to both

parties.  *See* Def.'s Resp. at 1.  Accordingly, Plaintiff's request is GRANTED, and this ruling shall apply equally to both parties.

> 9)  *Mention of Non-Medicinal Drug Use*

Plaintiff requests that the Court preclude any mention of any alleged illicit drug use by Plaintiff.  *See* Pl.'s Mot. at 5.  Plaintiff argues that any mention of his alleged illicit drug use is irrelevant and unfairly prejudicial.  *See id*. at 6; Fed. R. Evid. 401; *id*. R. 403.

Defendant argues that this motion should be denied as premature.  *See* Def.'s Resp. at 2.  Defendant represents that Plaintiff's medical records contain some evidence of illicit drug use, but states that "Defendant will not mention Plaintiff's non-medicinal drug use absent appropriate evidence and testimony in support."  *Id.*  Defendant further represents that "there is question . . . as to whether Plaintiff was inappropriately drug seeking or legitimately appropriately following up on his treatment necessitated by his medical condition related to the subject accident."  *Id*.

Considering Defendant's representations, this request is preliminarily DENIED. Plaintiff has not shown, at this stage, that evidence of Plaintiff's alleged non-medical drug use should be excluded under Federal Rule of Evidence 403 as more prejudicial than probative.  The Court directs, however, that before the subject is discussed, counsel shall advise the Court and opposing counsel by sidebar conference of the intent to do so.  At that

time, Plaintiff may re-urge his objection regarding evidence of Plaintiff's non-medicinal drug use if Defendant attempts to introduce such evidence at trial.

### 10)  *Redaction of Documents*

Plaintiff seeks a ruling from the Court clarifying that "if a party seeks to enter into evidence a document [containing] evidence that is inadmissible, the party offering the document must omit and or redact the inadmissible part and offer only those portions [that] are admissible."  Pl.'s Mot. at 6.  Defendant does not oppose the motion except to state that the Court's ruling should apply equally to both parties.  *See* Def.'s Resp. at 1.  Accordingly, Plaintiff's request is GRANTED, and this ruling shall apply equally to both parties.

### 11)  *Conduct Violating the Oklahoma Rules of Professional Conduct*

Plaintiff seeks a ruling from the Court requiring the parties to follow Rule 3.4(e) of the Oklahoma Rules of Professional Conduct.  *See* Pl.'s Mot. at 7.  Motions in limine are "a request for guidance by the court regarding an evidentiary question . . . ."  *Jones*, 59 F.3d at 146.  This request does not pertain to the admissibility of evidence or argument anticipated to be presented at trial, and so is not an appropriate basis for a motion in limine. This request is therefore DENIED.

### 12)  *Suggestion that the Jury's Decision May Increase the Cost of Insurance*

Plaintiff requests a ruling precluding Defendant's counsel or witnesses from suggesting that the jury's decision may result in higher healthcare costs or affect the costs

of insurance.  *See* Pl.'s Mot. at 7.  Defendant does not oppose this motion.  *See* Def.'s Resp. at 1.  Accordingly, this request is GRANTED.

13)  *Reference to Plaintiff's Protected Medical Information*

Plaintiff requests a ruling precluding Defendant from introducing at trial any of Plaintiff's medical information that is not related to this case, arguing that such evidence is privileged.  *See* Pl.'s Mot. at 8.

In personal injury lawsuits, "[p]rior medical records relating to the injuries claimed to have been caused by the tortfeasor fall outside the patient-physician privilege." *Nitzel v. Jackson*, 879 P.2d 1222, 1223 (Okla. 1994); Okla. Stat. tit. 12 § 2503(D)(3).  "[T]the privilege is waived only to the extent of the condition claimed to have been caused by the negligence of the tortfeasor," however.  *Id.*

In his Response, Defendant argues that because this motion in limine makes a broad claim of privilege and does not identify any specific record, it is overly broad and vague and should be denied on that basis.  *See* Def.'s Resp. at 3-4.

The Court cannot determine if a medical record is admissible unless that record is identified.   Accordingly,  this  request  is  preliminarily  DENIED  without  prejudice  to Plaintiff re-urging his objection if Defendant attempts at trial to introduce any inadmissible medical record.

14)  *Payments from Collateral Sources*

Plaintiff requests that the Court preclude "mention of the fact Plaintiff may or could receive money for Plaintiff's damages from a collateral source wholly independent of the

tortfeasor." *See* Pl.'s Mot. at 9.  Defendant does not oppose the motion.  *See* Def.'s Resp. at 1.  Accordingly, Plaintiff's request is GRANTED.

15) *Redaction of Inadmissible Materials from All Documents*

Plaintiff seeks a ruling from the Court providing that "if a party seeks to admit documentary evidence which contains inadmissible references or information, the party offering the document must redact the inadmissible part(s), offer it to the court and then, if allowed, offer only those portions which are admissible."  Pl.'s Mot. at 9.  The Court has previously granted this request, *see* supra § II (10), and so the instant motion in limine is DENIED AS MOOT.

16) *Evidence Related to Foreseeability and Causation*

For this request, Plaintiff briefs Oklahoma law governing duty and foreseeability in negligence cases but makes no discernable request for a ruling from the Court on an evidentiary issue.  *See* Pl.'s Mot. at 10.  Accordingly, this request is DENIED.

17) *Golden Rule Arguments*

In this request, Plaintiff concedes that "Golden Rule" arguments, which ask the juror to put themselves in the shoes of a party, are improper in the context of arguments regarding damages, but contends that such arguments are acceptable if they relate to the issue of ultimate liability.  *See* Pl.'s Mot. at 10-11.  Plaintiff therefore seeks a ruling from the Court allowing Plaintiff's counsel to "ask that the jurors use their own common sense and life experiences in evaluating the reasonableness of [Defendant's] conduct."  Pl.'s Mot. at 11.

Defendant states that he does not oppose this last proposition but argues that this motion should be denied as it is "vague and overly broad."  Def.'s Resp. at 4-5.

> Although the Tenth Circuit has recognized the "golden rule" argument may not be proper in certain instances, *see Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1581 (10th Cir. 1984), the Circuit has likewise carved out a narrow exception in cases where the reasonableness of conduct, in light of information known at the time, is at issue.  *See, e.g, Shultz v. Rice*, 809 F.2d 643, 652 (10th Cir. 1986) (quoting *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983)).  Use of the so-called "golden rule" argument, when its aim is to elicit an emotional response by jurors, is improper.

*Smith v. Csaa Fire & Cas. Ins. Co.*, No. CIV-17-1302-D, 2020 WL 4340546, at *2 (W.D. Okla. July 28, 2020).

Defendant has indicated that he admits liability for causing the accident, *see* Amended FPR (Doc. No. 79) at 4, and the Court has denied Plaintiff's request for punitive damages.  *See* Order of March 4, 2024.  Accordingly, it is not apparent that the reasonableness of Defendant's conduct will be an issue to be decided by the jury at trial. The Court therefore preliminarily DENIES this motion without prejudice to Plaintiff re-urging his argument at trial if appropriate.  *See id.* ("The Court reserves ruling on [the defendant's motion in limine regarding the golden rule argument] in advance of trial, opting instead to consider it in context if the issue is raised during trial."); *Sandhar v. CSAA Fire & Cas. Ins. Co.*, No. 19-CV-00306-JFH-CDL, 2023 WL 2646307, at *2 (N.D. Okla. Mar. 27, 2023) (denying the defendant's motion in limine regarding the golden rule argument without prejudice to the extent it concerned "arguments pertaining to whether a party's conduct was reasonable in view of the facts known to the party" and noting that the court would "be better equipped to determine whether such arguments are permissible

invitations to consider the reasonableness of a party's conduct, as opposed to impermissible appeals to emotion, in the context of trial").

18) *Evidence of Defendant's Ability or Inability to Pay a Judgement or Reference to Earnings, Wealth, or Lack Thereof*

Plaintiff requests a ruling precluding discussion of Defendant's wealth, earnings, or lack thereof, arguing that such evidence is not relevant.  *See* Pl.'s Mot. at 11-12; Fed. R. Evid. 401.  Defendant does not oppose the motion except to state that the Court's ruling should apply equally to both parties.  *See* Def.'s Resp. at 1.  Accordingly, Plaintiff's request is GRANTED, and this ruling shall apply equally to both parties.

19) *Reference or Suggestions of Plaintiff's Medical Expenses and Lost Income, Including Fictitious or Hypothetical Amounts*

Plaintiff requests that the Court preclude Defendant from "making any statements, suggestions or arguments that the jury should base their damage award for Plaintiff's 'pain and suffering' on the amount of medical care and/or amount of loss of income Plaintiff had following the alleged malpractice."  *See* Pl.'s Mot. at 15-16.  Defendant does not oppose the motion except to state that the Court's ruling should apply equally to both parties.  *See* Def.'s Resp. at 1.  Accordingly, Plaintiff's request is GRANTED, and this ruling shall apply equally to both parties.

20) *Evidence Related to Punitive Damages*

Plaintiff seeks a ruling from the Court expressly allowing Plaintiff to present evidence related to punitive damages.  *See* Pl.'s Mot. at 16-18.  The Court has granted

summary judgment in Defendant's favor on the issue of punitive damages, however. *See* Order of March 4, 2024. Accordingly, this request is DENIED AS MOOT.

21) *Evidence to Establish Defendant Acted with Reckless Disregard*

Plaintiff seeks a ruling from the Court expressly allowing Plaintiff to present evidence that Defendant acted with reckless disregard. *See* Pl.'s Mot. at 16-18. Under Oklahoma law, punitive damages may be awarded if the plaintiff proves by clear and convincing evidence that "[t]he defendant has been guilty of reckless disregard for the rights of others," or that "[t]he defendant has acted intentionally and with malice towards others." *See* Okla. Stat. tit. 23, § 9.1(B)-(D). As stated, the Court has granted summary judgment in Defendant's favor on the issue of punitive damages. *See* Order of March 4, 2024.

Accordingly, to the extent this request pertains to the admissibility of evidence relating to punitive damages, it is DENIED AS MOOT. To the extent Plaintiff would like to introduce evidence of reckless disregard for reasons unrelated to punitive damages, the Court DENIES the motion for lack of specificity as Plaintiff does not identify any specific item of evidence or testimony he wishes to present.

22) *Impression that Defendant will Personally Pay the Judgment*

Plaintiff seeks a ruling precluding Defendant from suggesting that Defendant would pay any judgment personally. *See* Pl.'s Mot. at 19. Defendant does not oppose the motion except to state that the Court's ruling should apply equally to both parties. *See* Def.'s Resp.

at 1. Accordingly, Plaintiff's request is GRANTED, and this ruling shall apply equally to both parties.

23) *Prior Incidents, Claims, and/or Litigation*

Plaintiff seeks a ruling precluding mention of prior incidents, claims, injuries, and/or litigation that are not at issue in this matter. *See* Pl.'s Mot. at 20. Defendant does not oppose the motion except to state that the Court's ruling should apply equally to both parties. *See* Def.'s Resp. at 1. Accordingly, Plaintiff's request is GRANTED, and this ruling shall apply equally to both parties.

24) *Litigation Syndrome/Secondary Gain/Comments on Credibility by Other Witnesses*

Plaintiff requests a ruling precluding Defendant from "presenting evidence or argument pertaining to any claim that Plaintiff is motivated by secondary gain, is gaming the system, has malingered or otherwise [is] allowing litigation to motivate his need for medical treatment." Pl.'s Mot. at 24. Defendant does not oppose this motion. *See* Def.'s Resp. at 1. Accordingly, Plaintiff's request is GRANTED.

25) *Misleading Excerpts of Testimony or Evidence*

Finally, Plaintiff requests that the Court preclude "any exhibit or source of evidence containing only excerpts of a party's deposition testimony or excerpts of a party's responses to discovery requests, as such excerpts unduly emphasize one response over others, and, when taken alone, may have a misleading or prejudicial effect upon the jury." Pl.'s Mot. at 24 (citing Fed. R. Evid. 106). Plaintiff identifies no such specific exhibit or document, however. Essentially, Plaintiff asks the Court to issue a ruling stating that the Court will comply with Federal Rule of Evidence 106. Because the instant motion does

not request a ruling on an evidentiary issue and only argues that the Court should follow the Federal Rules of Evidence if an excerpted document is introduced, this motion is DENIED.

CONCLUSION

As outlined above, Plaintiff's Motions in Limine No. 1-25 (Doc. No. 55) are GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 11th day of March, 2024.

_____
CHARLES B. GOODWIN
United States District Judge